**Myint SAW, Petitioner,**

**v.**

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

**No. 07–3838–ag.**

United States Court of Appeals, Second Circuit.

July 16, 2008.

Sandy Khine, Esq., New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Alison Marie Igoe, Senior Litigation Counsel, Edward J. Duffy, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Myint Saw, a native and citizen of Burma,[2] seeks review of an August 9, 2007 order of the BIA affirming the December 21, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Myint Saw,* No. A98 413 190 (B.I.A. Aug. 9,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

2. In 1989, the military regime in control of Burma declared the country would henceforth be known as "Myanmar." However, both Saw and the IJ refer to the country as

"Burma," and, according to the CIA's World Factbook, the name "Myanmar" "was not approved by any sitting legislature in Burma, and the U.S. Government did not adopt the name." CIA, The World Factbook—Burma, https://www.cia.gov/library/ publications/the-world-factbook/geos/bm.html. Accordingly, we refer to Saw's native country as "Burma" rather than "Myanmar."

2007), *aff'g* No. A98 413 190 (Immig. Ct. N.Y. City Dec. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues a decision that fully adopts the IJ's decision, this Court reviews the IJ's decision.[3] *Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). In this case, the IJ's adverse credibility determination was not supported by substantial evidence consistent with the established precedents of this Court.

In delivering his oral decision, the IJ found that Saw's testimony was "generally consistent" with respect to the arrests and mistreatment that he allegedly suffered at the hands of Burmese authorities prior to 1997. The IJ, nevertheless, concluded that Saw's account of these events was incredible because it was "belied by [Saw's] complete failure to even make an effort to apply for political asylum when he had the opportunity to do so in 1997." In *Pavlova v. INS*, 441 F.3d 82, 88–89 (2d Cir.2006), we observed that the decision to apply for asylum is "personal, inscrutable, and dynamic," and not subject to the kind of rigid time analysis that the IJ applied in this case. Thus, delay in filing for asylum, even after a petitioner has arrived in the United States, cannot by itself constitute substantial evidence to support an adverse credibility finding. *Id.* (concluding that IJ used flawed reasoning and engaged in impermissible speculation when he found it implausible that applicant would delay applying for asylum after arriving in United States until fourth fellow Russian Baptist had been murdered rather than filing her application after first three murders); *cf. Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir.2007) (per curiam) (pointing to specific facts relating to timing of departure from native country that rendered persecution claim implausible).

The IJ also based his adverse credibility determination, in part, on a lack of corroboration, finding Saw's "failure to present even an iota of evidence from his brother-in-law" to be "extremely prejudicial" to Saw's credibility. While a failure to corroborate may, on its own, lead to a claim's denial based on insufficiency of the evidence, it cannot form the *sole* basis for an adverse credibility determination. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000) (recognizing that lack of corroboration may be considered together with other factors to conclude petitioner was not credible). Where, as here, the IJ found petitioner's account of past persecution consistent, and where the only other identified basis for the IJ's adverse credibility determination—the timing of the asylum application—could not support that conclusion, the cited lack of corroboration, while troublesome, does not constitute substan-

---

**3.** While the denial of relief in asylum-only proceedings, such as those at issue here, does not result in a formal order of removal, *see* 8 C.F.R. § 1208.2(c)(3)(i), we have held that it is the "functional equivalent" of a removal order and that jurisdiction therefore exists under 8 U.S.C. § 1252(a)(1). *Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir.2006).

tial evidence to support the IJ's adverse credibility determination. *See id.*

Finally, to the extent the IJ credited Saw's claims of extortion but denied relief for failure to demonstrate the requisite nexus to a protected ground, a concern arises as to a possible error in review of the record. The IJ observed that the Burmese officials who extorted Saw were motivated solely by their desire for financial gain. In fact, Saw testified that the Burmese authorities targeted him for extortion because they suspected that he had contact with pro-democracy activists abroad, that the police interrogated him regarding his contacts with "exile groups," and that they warned him that he could be arrested at any time based on these suspected contacts.

Because the IJ failed to acknowledge this evidence, we cannot know that he properly applied established precedent recognizing that mixed motives for persecution can qualify an applicant for relief from removal where one of the motives is a protected ground. *See Osorio v. INS,* 18 F.3d 1017, 1028 (2d Cir.1994) ("The plain meaning of the phrase 'persecution on account of the victim's political opinion,' does not mean persecution *solely* on account of the victim's political opinion."); *In re S–P–,* 21 I. & N. Dec. 486, 489 (B.I.A.1996) (recognizing mixed motives).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).